FILED

2013 FEB 27 P 4: 01

U.S. DISTRICT COURT
BRIDGEPORT, CONN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO: 3:12 CR117 (WWE) |
| Plaintiff | : |
| VS. | : |
| ALFRED CATINO | : February 25, 2013 |
| Defendant | : |

## MOTION TO SUPPRESS EVIDENCE OBTAINED BY UNLAWFUL ELECTRONIC SURVEILLANCE AND USE OF GPS IN VIOLATION OF TITLE III

The defendant-petitioner, Alfred Catino, moves this Honorable Court for an Order:

1. Granting a hearing upon the enclosed motion and memorandum of law seeking:

   (A) A "Frank's Hearing" based upon the claims made herein that the Government and its agents, have by way of their actions, violated both constitutional and statutory laws of the United States;

   (B) That the government lacked the requisite "necessity" for the lawful use of electronic surveillance;

   (C) That the government had numerous opportunities to develop the investigation by traditional methods without resorting to other "questionable methods" to accomplish their aimes;

   (D) That the wire-tap evidence which was derived from the affidavit-applications of Federal Task Force agents, Rodney George, Domenic Cisero, and Mack Suda were all made in "bad faith", with the knowing use of false and reckless testimony that may have "infected" the grand jury's testimony as well in this case;

   (E) That the use of an informant by the name of Attica/Somes, who worked under the care and control of task force officers mentioned above, was also allowed to continue his "use" of drugs and "buying and selling" same, until he was caught on a federal wire taps in this very case;

   (F) That the use of "GPS equipment" against the defendant Catino herein, without a court order, and/or warrant to do so, violated this defendant-

petitioner's Fourth Amendment rights to be protected against illegal search and seizure.

(G) That in order to rectify the same, a hearing should be ordered in the interest of justice under <u>United States v. Giordano</u>, 416 U.S. 505, 515, 94 S. Ct. 182 (1974) and <u>Franks of Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674 (1978);

## **CONCLUSION**

For the reasons stated above and for any other reason the Court may deem just and proper, the defendant-petitioner, Catino, respectfully requests that the Court, after a hearing upon the issues raised herein, suppress any and all evidence obtained via electronic surveillance and G.P.S. use, and dismiss the indictment with prejudice.

                            Respectfully submitted,
                            THE DEFENDANT,
                            ALFRED CATINO, pro se defendant

By_____
       ALFRED CATINO, pro se defendant
       Inmate#20513-053
       Wyatt Correctional Center
       950 High Street
       Central Falls, RI 02863

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff<br><br>VS.<br><br>ALFRED CATINO<br>　　　　Defendant | : CRIMINAL NO: 3:12 CR117 (WWE)<br>:<br>:<br><br>: February 27, 2013<br>: |

## CERTIFICATION

This is to certify that because the accompanying motion has been filed under seal and contains confidential information, this motion has been served on only the following parties of record:

Vanessa Richards, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney
1000 Lafayette Street
Bridgeport, CT 06601

Peter Markle, Esq.
Assistant U.S. Attorney
Office of U.S. Attorney
157 Church Street 25th Floor
New Haven, CT 06510

By /s/
　　Auden Grogins, Esq.
　　Standby Counsel for Alfred Catino
　　400 Stillson Road
　　Fairfield, CT 06824
　　Telephone: 203-335-2112
　　Fax No: 203-335-7214
　　Fed. Bar No: CT07570
　　Email: agrogins@sbcglobal.net

United States District Court
For The District of Connecticut

United States of America  ) Motion To Suppress Evidence
            Plaintiff,    ) Obtained By Unlawful
Vs.                       ) Electronic Surveillance And
Alfred F. Catino          ) Its Use In Violation of
            Defendant.    ) Title III

The Defendant-petitioner, Alfred F. Catino, moves this Honorable Court, for an Order:

(1) Granting a hearing upon the within motion and Memorandum of law seeking:

(A) A "Franks hearing," based upon the claims made herein that the Government, and its agents, have, by way of their actions, violated both Constitutional and statutory laws of the United States;

(B) That the government lacked requisite "necessity" for the lawful use of electronic surveillance;

(C) That the government had numerous opportunities to develope the investigation by traditional methods without resorting to other "questionable methods" to accomplish their aims;

(D) The wire-tap evidence which was derived from the affidavit-applications of Federal Task Force agents, Rodney Hung, Dominic Cisero and Mark Suda were all made in "bad faith," with the knowing use of false and reckless testimony that may have "infected the grand jury testimony as well in this case;

(E) That the use of an informer, by the name of Attica, someh; who worked under the care and control of task force officers mentioned above (supra) was also allowed to continue his "use" of drugs and "buying and selling"

same, until he was caught on a Federal wire-tap in this very case;

(F.) That the use of "GPS equipment" against the defendant-petitioner Catino herein without a Court Order, [order] or warrant to do so, violated this defendant-petitioner's Fourth Amendment rights in regard to illegal search and seizure;

(G.) That in order to rectify same, a hearing should be ordered in the interest of justice under United States v. Giordano 414 US 505, 515, 40 L. Ed. 2d 341, 94 S. Ct. 182 (1974) and Franks v. Delaware, 438 US 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

### Conclusion

For the reasons stated above and for any other reason the Court may deem just and proper, the defendant-petitioner Catino, respectfully requests that the Court, after a hearing upon the issues raised herein, suppress any and all evidence in regard to Electronic Surveillance and GPS use, and dismiss the indictment with prejudice.

Dated ___ day of _____ 201_.

s/_____