UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 3:12-cr-00117-WWE |
| | : | |
| PAPADAKOS et al. | : | |

**<u>MEMORANDUM OF DECISION ON DEFENDANT ALFRED CATINO'S MOTIONS
FOR RECONSIDERATION AND ARTICULATION</u>**

On November 25, 2013, after extensive briefing, the Court held oral argument on defendants' various motions to suppress the Title III wiretaps in this case. The Court denied the motions [Docs. # 273, 292, 294, 296, 298, 449, 473] at the close of the hearing. Two months later, on January 28 and 29, 2014, defendant Catino filed "supplementary" suppression memoranda in further support of his initial motion to suppress the wiretaps. The Government responded to Catino's supplementary suppression memoranda on January 30, 2014 [Doc. # 726], and the Court adhered to its decision to deny Catino's motion to suppress on March 25, 2014 [Doc. # 761].

Catino has moved (1) for reconsideration of the Court's decision to deny wiretap suppression in light of recent applicable decisions by the United States Supreme Court, and (2) for articulation of the Court's reasoning for adhering to its decision to deny wiretap suppression in spite of Catino's supplementary suppression memoranda.

**Reconsideration**

The United States Supreme Court granted *certiorari* in <u>United States v. Wurie</u>, 728 F.3d 1 (1st Cir. 2013) and <u>People v. Riley</u>, 2013 WL 475242 (Cal. 4th Dist. Court of Appeal Feb. 8, 2013) to consider the constitutionality of searching a cellular telephone incident to arrest. Both cases involved searches of a defendant's cell phone without any warrant, and the lower courts

reached opposite conclusions (Riley found such searches constitutional, but Wurie held them to be unconstitutional).

Catino, through his motion for reconsideration, has requested that the Court postpone any final decision on suppression of his cell phone contents until the Supreme Court rules upon the constitutionality of such searches. The Government contends that regardless of what the Supreme Court decides on the issue of cell phone searches incident to arrest, suppression of the wiretap evidence in this case would not be appropriate. The Court agrees.

In the instant case, agents went to Catino's house after intercepting calls in which Catino discussed the destruction of evidence. There, agents explained to Catino that they were in the process of obtaining a search warrant. Catino alleges that agents examined his phone prior to receiving the warrant, but the Government responds that, within hours of the initial examination, this Court issued a warrant authorizing the search and seizure of Catino's cell phone and its contents without any reference to information obtained from the agents' initial, minimal search. Thus, as outlined in the Government's initial opposition, the agents would have inevitably discovered the contents of Catino's telephone. See Nix v. Williams, 467 U.S. 431, 444 (1984) ("If the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means . . . then the deterrence rationale has so little basis that the evidence should be received.").

Assuming *arguendo* that the search of defendant's cell phone was unconstitutional and without good faith – points with which the Government strongly disagrees – the remedy would be suppression of the physical telephone and the data on it, not the suppression of the wiretap evidence. Indeed, the wiretap evidence was obtained as a result of separate affidavits and

findings of probable cause wholly unrelated to Catino's arrest.

As Catino has not demonstrated controlling decisions or data that might reasonably be expected to alter the Court's decision to deny suppression of the wiretaps in this case, his motion for reconsideration will be denied. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

**Articulation**

Catino has requested that the Court articulate its reasons for adhering to its decision to deny suppression of the wiretaps in this case after considering Catino's supplemental memoranda. In his supplemental memoranda, Catino argues that (1) Senior District Judge Charles Haight, Jr. Lacked the territorial jurisdiction to issue the five orders authorizing wire interceptions, (2) the cell phones at issue were not located in Connecticut, and (3) DEA agents did not have authority to obtain Global Positioning System ("GPS") data from the target telephones. None of Catino's arguments have merit.

First, Catino contends that the DEA improperly located its listening post in Boston, Massachusetts. However, the Government has demonstrated through affidavit that the DEA monitored the intercepted communications in Bridgeport, Connecticut.

The Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510–2521, governs the installation and use of wiretaps. Section 2518(3) provides that a "judge may enter an ex parte order, as requested or as modified, authorizing or approving interception of wire, oral, or electronic communications within the territorial jurisdiction of the court in which the judge is sitting . . ." 18 U.S.C. 2518(3). The Second Circuit has held that "for purposes of § 2518(3)'s jurisdictional requirement, a communication is intercepted not only where the tapped telephone is

3

located, but also where the contents of the redirected communication are first to be heard." U.S. v. Rodriguez, 968 F. 2d 130, 136 (2d Cir. 1992). Here, defendants' communications were first heard at the Government's listening post in Bridgeport, Connecticut. Accordingly, the Court's exercise of jurisdiction was proper.

Second, Catino argues that targeted cell phones were improperly located outside of Connecticut. The government responds that Catino was surveilled on numerous occasions using the target telephones in Danbury, Connecticut. Moreover, Judge Haight's orders specifically provided that, "in the event that the Target Telephones are transferred outside the territorial jurisdiction of this Court, interceptions may continue to take place in the District of Connecticut where wire and electronic interceptions will be first heard or read and minimized." Thus, interception of Catino's cell phone was appropriate regardless of its location.

Third, as stated in its prior submissions and at oral argument, the Government applied for and received orders authorizing receipt of GPS data from the target telephones' telephone carriers. In its applications, which were included in the wiretap applications and which were provided to the defendant in discovery more than a year ago, the Government established probable cause for the orders. Based on these applications, the Court authorized DEA agents to receive the GPS data from the telephone carriers. It was only pursuant to these orders that the Government retrieved GPS data on the target telephones. Accordingly, the DEA agents had authority to obtain such data.

## CONCLUSION

For the foregoing reasons, Catino's motion for reconsideration [Doc. # 767] is DENIED.

Dated this 2nd day of June, 2014, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
       WARREN W. EGINTON
       SENIOR UNITED STATES DISTRICT JUDGE