

**FILED**

**U.S. Department of Justice**

*United States Attorney* P 2: 45
*District of Connecticut*

**US DISTRICT COURT
BRIDGEPORT CT**

| | |
|---|---|
| *Connecticut Financial Center* | *(203)821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut 06510* | *www.justice.gov/usao/ct* |

June 24, 2014

**BY ELECTRONIC DELIVERY**

Frank J. Riccio II, Esq.
The Law Offices of Frank J. Riccio LLC
923 East Main Street
Bridgeport, CT 06601

      Re:    United States v. Alfred Catino, No. 3:12cr117(JAM)

Dear Mr. Riccio:

This letter confirms the conditional plea agreement between your client, Alfred Catino (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

Alfred Catino agrees to plead guilty to a Count One of the Superseding Indictment, charging him with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances. Specifically, he agrees to plead guilty to knowingly, intentionally and unlawfully conspiring to possess with intent to distribute and to possessing with intent to distribute (a) 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, (b) a quantity of a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance, and (c) a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.

However, pursuant to Fed. R. Crim. P. 11(a)(2), the defendant expressly reserves his right to appeal the district court's rulings dated March 25, 2014 (Docket No. 761), dated June 2, 2014 (Docket No. 876) or June 22, 2014 (Docket No. 927), each of which denied the defendant's motions to suppress the evidence gathered as a result of the wiretap in this case. Should the defendant prevail on his appeal of the district court's March 25, 2014, June 2, 2014 or June 22, 2014 rulings, the Government will not object to the defendant's motion to withdraw his guilty plea on remand.

*Frank Riccio II, Esq.*
*Page 2*

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

First:      That, from approximately August 2011 to approximately May 2012, a conspiracy, i.e., an agreement, existed between two or more persons to possess with intent to distribute and to distribute controlled substances;

Second:   That the defendant knowingly, willfully and voluntarily agreed to participate in the conspiracy; and

Third:     That the controlled substances were (a) 500 grams or more of a mixture and substance containing a detectable amount of cocaine, (b) a mixture and substance containing a detectable amount of oxycodone and (c) a mixture and substance containing a detectable amount of marijuana.

## THE PENALTIES

This offense carries a maximum penalty of no less than five years of imprisonment and no more than forty years of imprisonment, and a maximum fine of $5,000,000. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least four years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to three years per violation with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) the amount specified in the section defining the offense which is 5,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Forfeiture

Pursuant to Title 21, United States Code, Section 853, and based upon his commission of the illegal acts of conspiring to distribute and to possess with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, the defendant agrees to forfeit all interest in approximately $1,662.00 in United States currency seized from the defendant's residence on or about May 9, 2012.

The defendant acknowledges that the above-listed asset is subject to forfeiture because it is either the proceeds of illegal conduct or because it was used in any manner or part to commit, or facilitate the commission of, the offense, or represents substitute assets, thus giving rise to

*Frank Riccio II, Esq.*
*Page 3*

forfeiture. The defendant warrants that he is the sole owner of the above-listed asset. The defendant agrees to take all steps as requested by the United States to pass clear title of the forfeitable asset to the United States, to share truthful information with agents and representatives of the United States about any facts and claims concerning the asset and to testify truthfully in any judicial forfeiture proceeding.

The defendant agrees to waive all interests in the asset listed above (hereinafter, the "forfeitable asset") in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the forfeitable asset and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under §3E1.1(a) of the Sentencing Guidelines, based on the defendant's recognition and affirmative acceptance of personal responsibility for the offense.

The above-listed recommendation is conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising

*Frank Riccio II, Esq.*
*Page 4*

the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release.  Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility.  The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make the recommendation or seeks denial of the adjustment for acceptance of responsibility.

In light of the fact that the defendant accepted the Government's offer to plead on the day of jury selection, the Government is affirmatively ***not*** moving for a further one point reduction to the defendant's adjusted offense level under § 3E1.1(b) of the Sentencing Guidelines.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

A.  The defendant's base offense level under U.S.S.G. §§ 1B1.3, 2D1.1(a)(5), 2D1.1(c)(4), and Application Notes 8(A), 8(B), and 8(D) of U.S.S.G. § 2D1.1 is 32.

B.  The drug quantities that form the basis of the offense to which the defendant is pleading guilty and which include his relevant and readily foreseeable conduct yield a marijuana equivalency of no less than 1,000 and no more than 3,000 kilograms of marijuana.  Those drugs and their quantities are as follows:

   i.   At least 500 grams of cocaine, which converts to 100 kilograms of marijuana;

   ii.  At least 220 grams of oxycodone, which converts to 1,474 kilograms of marijuana; and

*Frank Riccio II, Esq.*
*Page 5*

        iii.      At least 94 kilograms of marijuana.

C.     Two points are deducted for acceptance of responsibility under U.S.S.G. § 3E1.1.

D.     Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category II.  The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

E.     Assuming a total offense level of 30 and a Criminal History Category II, the defendant's range would be 108 to 135 months of imprisonment (sentencing table) and a fine range of $15,000 to $5,000,000, U.S.S.G. § 5E1.2(c)(3).  The defendant is also subject to a supervised release term of four years to life. U.S.S.G. § 5D1.2(c).

The parties acknowledge that in light of the defendant's prior convictions for a felony drug offenses, the defendant is eligible for a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851, which would expose him to a mandatory minimum sentence of 10 years' imprisonment.  In light of this plea agreement, the Government agrees that it will withdraw its information required by § 851, and therefore the defendant will not be exposed to a mandatory term of 10 years' imprisonment.

The parties understand that, at the time this plea agreement is signed, the United States Sentencing Commission has approved an amendment to the Sentencing Guidelines that would generally lower the base offense levels in the Drug Quantity Table in Guideline § 2D1.1 (the "amendment").  It is anticipated that the amendment will take effect on November 1, 2014, unless disapproved by Congress. Under the amendment in its current form, the parties agree that the defendant's base offense level for the conspiracy to distribute controlled substances offense under U.S.S.G. § 2D1.1 would be 30.

Thus, after applying the amendment, the total adjusted offense level would be 28, which when combined with a Criminal History Category II, would result in a range of 87 to 108 months of imprisonment (sentencing table), a fine range of $12,500 to $5,000,000, U.S.S.G. § 5E1.2(c)(3), and a supervised release term of 3 years to life, U.S.S.G. § 5D1.2.

In light of the amendment, the Government agrees not to object to a downward variance to give effect to the amendment. In other words, the Government agrees not to object to a downward variance to the guidelines range as set forth in the preceding paragraph.

Regardless of the Guidelines range ultimately determined by the Court, the Government and the defendant both reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their rights to object to a departure or a non-Guidelines sentence, except that, as set forth above, the Government will not object to a downward variance to give effect to the amendment.

*Frank Riccio II, Esq.*
*Page 6*

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court calculates a Guidelines range different from those calculated by the parties, or imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

The Government agrees that it will defer to the Court should the defendant move to continue sentencing to a date after November 1, 2014.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The parties agree that notwithstanding his guilty plea, the defendant reserves his right to appeal the district court's rulings, dated March 25, 2014 (Docket No. 761), dated June 2, 2014 (Docket No. 876) or June 22, 2014 (Docket No. 927), each of which denied the defendant's motion to suppress the evidence gathered as a result of the wiretap in this case. In consideration of this conditional plea, in all other respects, the defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if the sentence does not exceed 135 months, a lifetime term of supervised release, a $100 special assessment, and forfeiture as detailed in this agreement, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

*Frank Riccio II, Esq.*
*Page 7*

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*Frank Riccio II, Esq.*
*Page 8*

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in narcotics trafficking from August 2011 to May 2012, which forms the basis of the superseding indictment in this case. At sentencing, the Government will move to dismiss the underlying original Indictment.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

*Frank Riccio II, Esq.*
*Page 9*

## NO OTHER PROMISES

     The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

     This letter shall be presented to the Court, in open court, and filed in this case.

                  Very truly yours,

                  DEIRDRE M. DALY
                  UNITED STATES ATTORNEY

                  VANESSA RICHARDS
                  ASSISTANT UNITED STATES ATTORNEY

     The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ALFRED CATINO                 June 24, 2014
The Defendant                  Date

     I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

FRANK RICCIO II, ESQ.          6/24/14
Attorney for the Defendant        Date