# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | 3:12CR117 (WWE) |
| v. | : | |
| | : | JULY 23, 2015 |
| **ALFRED CATINO** | : | |

## ADDITIONAL SUPPLEMENT TO
## MOTION FOR RECONSIDERATION

The Defendant, ALFRED CATINO, through undersigned stand-by counsel, presents the following supplemental material after the July 14, 2015 court hearing on this Defendant's Motion For Reconsideration. Specifically, this is a further memorandum of facts and law in regards to the non-identification issue before the grand jury in this case, and the knowing use of hearsay evidence as well.

Where innocence or guilt depends so crucially upon a specific identification, surely an indictment must be able to identify the subject under its consideration. No such identification was ever made of the Defendant Catino in this case. A review of the grand jury minutes are living proof of this fact.

In speaking of identification, the Unite d States Supreme Court in <u>Stovall v. Denno</u>, 388 U.S. 293 (1967) stated in part: The Court must determine from the totality of the circumstances whether identification was so … irreparable that [the defendant] was denied due process of law." No harmless error could ever apply to the "non-identification" issue advanced in the instant case, because as was stated in <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 256-57 (1988), the Court stated "an exception to the harmless error rule exists where the 'structural protections of the grand jury have been compromised as to render the

proceeding fundamentally unfair.'" The constitutional dimension of the error in this case requires nothing less than reversal, unless the Government could prove beyond a reasonable doubt that the error did not affect the structural nature of the indictment itself. See Chapman v. California, 386 U.S. 18 (1967).

It is respectfully submitted that where innocence or guilt depends so crucially upon such an issue as identification, that an indictment must first be able to identify the subject under its consideration, and not assume just by hearsay testimony of two police officers that the person they were testifying about was, in fact, also the very same person on these telephone calls used in the grand jury here (on May 23, 2012 and June 24, 2012). They further did not and cannot establish a connection that the person involved here is the Defendant, Alfred Catino. There is simply no evidence presented to the grand jury that could justify such a finding. And, certainly contrary to what took place in regard to co-defendant's Julio Brinez's identification before that very same grand jury (see grand jury minutes of DEA Rodney George, page 10 for the identification of co-defendant Brinez), Agent George only claims (in regard to defendant Catino (pp. 7-8)) that (1) Catino had a business deal in Mary Mama (p 22, line 10); and (2) page 8 agent George claims Mr. Brinez is the "source" of supply for pills to Mr. Catino. These statements made by Agent George are purely hearsay. This is also contrary to AUSA Richards' ethical and professional duties in regard to the use of hearsay without advising the grand jury of its use. This is further contrary to district court and circuit court law. See United States v. Estepa, 471 F.2d 1132 (2d Cir 1972) (the grand jury must not be misled into thinking that it was getting eyewitness testimony, when it was actually receiving an account whose hearsay nature was concealed). This Court should also consider United States v. Gallo, 394 F. Supp. 310 (D. Conn. 1975), which follows the United States

Second Circuit's ruling in United States v. Messina, 388 F.2d 393, 394 n.1 (2d Cir 1968) which declared:

> Finally, this Court on prior occasions has had cause to remind the Assistant United States Attorneys in this District of the representation made to the Second Circuit by a Connecticut federal prosecutor in United States v. Messina, 388 F.2d 393, 394 n. 1 (2 Cir.), cert. denied, 390 U.S. 1026, 88 S.Ct. 1413, 20 L. Ed.2d 283 (1968): "Counsel for the government advises us that since the *Umans* decision it has been the practice in the District of Connecticut to present to the grand jury only testimony of witnesses with first-hand knowledge except when such witnesses are unavailable or cannot be summoned without causing them extreme inconvenience." In the exercise of its supervisory powers over the conduct of judicial business in this District, this Court must not condone the actions of the prosecutor in the case at bar with "yet another admonition." United States v. Estepa, supra at 1137. Accordingly, the defendants' motion to dismiss is hereby granted; the indictment is dismissed.

The Defendant Catino is not only moving for the dismissal of this indictment due to non-identification of the subject in regard to any and all anonymous calls made in this case with no identification ever being pursued to identify the calling voice, to wit: a voice exemplar as was clearly expressed in Palmer v. Payton, 359 F.2d 199 (4th Cir 1966), it was stated in part: "The District Court improperly denied a writ of habeas corpus following defendant's conviction and sentence for rape and robbery because voice identification deprived him of elementary safeguards of law and failed to meet cannons of decency and fairness." The Court went on to rule in footnote 11 that "since we conclude that the entire atmosphere surrounding the identification was a violation of due process", and consequently the Court reversed for a hearing on further proceedings.

Further, in the case of United States v. Melvin, 730 F.3d 29 (1st Cir 2013) the First Circuit reversed and remanded on voice identification declaring that a proffer offer of voice identification was not proper due to an agreement with the Government on paper as to the

ground rules. The Court felt it was very unfair to have the officer in the proffer room with the defendant to make out the identification of the defendant's recorded voice in regard to a prior drug buy. The Court in reversing the matter felt, in summing up "we cannot say beyond a reasonable doubt that the guilty verdict in this case was uninfluenced by the erroneous admission of Officer Mazza's voice identification testimony. Therefore, the defendant's conviction cannot stand."

In this case, Mr. Catino faces none of the problems voiced herein above, supra, for the defendant Catino's voice was never proven in the grand jury to be the voice on any of the tapes by either of the Government's two witnesses – Det. Dominick Cisero and DEA Agent Rodney George. Evidently, the Government did not feel it "essential and necessary" to the grand jury investigation to apply for a voice exemplar, to be used as a standard of comparison in order to determine whether or not the person on the telephone is the person whose voice was intercepted.

It has been stated that "the ground rules for testing the sufficiency of the indictment is twofold: "The ground rules for testing the sufficiency of an indictment are twofold: (1) does the indictment adequately inform the defendant of the nature of the charge he will have to meet; (2) if the defendant is convicted, and later prosecuted again, will a court, under what has been charged, be able to determine the extent to which the defense of double jeopardy is available? United States v. Debrow, 346 U. S. 374." (cited from Russell v. United States, 369 US 749, 781 (1962).

Can it be said that the defendant Catino is not being denied his due process rights by the Government, claiming that he has no right to appeal certain of his pretrial motions? Can it also be said that the pre-trial motions in regard to an inspection of the grand jury minutes "in

camera" lacked merit – especially in light of a clear showing thus far in this presentation of (1) a shocking display of hearsay evidence used before the grand jury, and (2) the knowing use of false and misleading testimony on the part of government agents and witnesses with the full knowledge and consent of the Assistant United States Attorney Ms. Richards. See <u>Napue v. Illinois</u>, 360 U.S. 264 (1954) and <u>Alcota v. Texas</u>, 355 U.S. 28 (1957) where the prosecutor did not to correct the witness' false testimony, <u>see</u> <u>Napue</u>. Also it was stated in <u>United States v. Awadallah</u>, 349 F.3d 42, 64 (2d Cir 2003) (<u>quoting</u> <u>United States v. Canfield</u>, 212 F.3d 713, 717-18 (2d Cir 2000): "A misrepresentation or omission is intentional when the claims inaccuracies or admissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth."

The Court should find as a matter of law – that there was never due process regarding identification before the grand jury in this case. The testimony of Det. Cisero and DEA Agent George was complete hearsay as well as false AND misleading to the grand jury, for at no time in that grand jury room was the voice on a telephone ever claims to be the voice of the defendant Catino. This being so, the indictment in this case should be dismissed in the interest of justice and fair play for failure to state a crime without first identifying the person under consideration before that grand jury. The government's only evidence before the grand jury rested upon wiretaps against the defendant Catino and the two police officer "use" of all the alleged evidence simply came from those wiretap calls – where no identification was made.

THEREFORE, it light of all the above, the indictment in this case should be declared void and the defendant freed from custody forthwith.

RESPECTFULLY SUBMITTED,
ALFRED CATINO

Dated: July 23, 2015      By: _____

FRANK J. RICCIO II
LAW OFFICES FRANK J. RICCIO LLC
923 EAST MAIN STREET
P.O. BOX 491
BRIDGEPORT CT 06601-0491
Fed Bar #CT 20980
(203) 333-6135 (phone)
(203) 333-6190 (fax)
fricciojd@aol.com (email)
www.ricciolaw.com (site)

**CERTIFICATION**

I hereby certify that on July 23, 2015, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _____
FRANK J. RICCIO II
LAW OFFICES FRANK J. RICCIO LLC