UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:12cr117(WWE) |
| v. | : | |
| ALFRED CATINO | : | July 29, 2015 |

### GOVERNMENT'S OPPOSITION TO ALFRED CATINO'S
### SUPPLEMENTAL MOTION FOR RECONSIDERATION

On July 14, 2015, this Court held an oral argument concerning several outstanding motions in this case. At that hearing, defendant Alfred Catino argued that this Court's initial denial of his motions for a *Franks* hearing and suppression of the wiretap evidence was incorrect. As he had in his various submissions to this Court, Catino argued that there was evidence to suggest that DEA Task Force Officer Dominick Cisero had lied or recklessly disregarded the truth in his affidavit in support of the initial wiretap application in this case ("the Cisero affidavit"). Catino's allegations focused on the information about cooperating witnesses appearing in the Cisero affidavit.

Despite having numerous opportunities to present evidence on this issue, this Court allowed Catino one final opportunity. The Court told Catino that he could file an offer of proof in support of his allegations, after which the Court would determine if a *Franks* hearing was necessary. Catino complied with that order and submitted two separate filings with exhibits, which he contends evidence falsehoods in the Cisero affidavit. (*See* Docket Nos. 1231 and 1232).[1] Nothing could be further from the truth.

---

[1] Catino makes a myriad of other arguments concerning the Grand Jury proceedings and the sealing of the recordings in this case. These arguments are beyond the scope of the current issue and have already been addressed numerous times by the government in its prior submissions.

As the government has always maintained, there were three and only three cooperating witnesses at the outset of the investigation: CW-1, CW-2 and CW-3. The identities of these witnesses never changed. The identities of CW-1 and CW-3 have been disclosed in the discovery of this case. Without any evidence, Catino contends that CW-1 and CW-3 were people different from those disclosed by the government. On this point, Catino has not met his burden of proof to warrant a *Franks* hearing. Catino does not purport that people identified as CW-1 or CW-3 by the government would testify on his behalf and disavow their participation in the investigation. He does not purport to have any witnesses who would claim to be CW-1 or CW-3 and who are not the people disclosed by the government. In short, he has nothing but conjecture and that does not warrant a hearing.[2]

Catino also claims that CW-3 as identified by the government did not buy drugs in recorded controlled purchases from co-defendant Konstantinos Zografidis. In support of this argument, Catino offers an un-notarized self-styled "affidavit" from Zografidis, who states that he never sold drugs to CW-3 on the dates identified in the Cisero affidavit. Zografidis's affidavit bears not a scintilla of reliability or credibility. The sales between Zografidis and CW-3 were recorded and observed by law enforcement. Moreover, based on its omission to date, it appears that CW-3 will not supply the Court with a sworn statement in support of Zografidis's assertions. And as for Zografidis, he has repeatedly made incredible arguments to support his positions, all with the same results: determinations by this Court that he is not credible. The Court need not

---

[2] As further proof that Catino's claims are predicated on mere conjecture, the Court need only look at the defendant's prior submissions. In those submissions, the defendant claimed that CW-1 and CW-3 were the same person: Chris Anderson. Knowing now CW-1 and CW-3's true identities, his argument is again shifting in an effort to prolong this case and the day of his sentencing.

look far for a quintessential example: Zografidis's recent failed motion to withdraw his plea. In short, there is no reliable evidence to warrant a hearing on this issue.

Catino finally makes claims concerning CW-2, who Catino alleges was an attorney who worked for co-defendant Zografidis during the investigation. As the government's last submission made plain, that so called attorney had been disbarred before the investigation in this case and remains disbarred to this day. (*See* Docket No. 1224.) Hence, any concern that could arise about securing privileged statements from Zografidis is a non-issue.

## CONCLUSION

In short, based on all of the submissions to date, the Court's original ruling – denying the defendant's motions – was appropriate. The wiretaps were valid, constitutional, and lawful. The defendant's current motion should be denied, and he should be scheduled for sentencing forthwith.

>	DEIRDRE M. DALY
>	UNITED STATES ATTORNEY
>
>	*/s/*
>	VANESSA RICHARDS
>	ASSISTANT UNITED STATES ATTORNEY
>	Bar Number: PHV 05095
>	UNITED STATES ATTORNEY'S OFFICE
>	1000 LAFAYETTE BOULEVARD
>	BRIDGEPORT, CT 06604

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 29, 2015, a copy of the foregoing was filed electronically, by facsimile and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/*
VANESSA RICHARDS
ASSISTANT UNITED STATES ATTORNEY
Bar Number: PHV 05095
UNITED STATES ATTORNEY'S OFFICE
1000 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604