**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **3:12CR117 (JAM)** |
| **v.** | : | |
| | : | **MAY 3, 2016** |
| **ALFRED CATINO** | : | |

<u>**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**</u>

The Defendant, ALFRED CATINO, respectfully files this Memorandum as an aid to the Court in sentencing scheduled for May 16, 2016 in the United States District Court, New Haven, CT in front of the Honorable Jeffrey Alker Meyer, U.S.D.J.  Part I of this memorandum discusses the background, procedural history and circumstances surrounding Mr. Catino's case; Part II discusses the post-Booker sentencing scheme; Part III presents a discussion of Mr. Catino's applicable Federal Sentencing Guidelines range; Part IV presents the argument that a downward departure should be granted in this case; Part V presents the argument that a non-Guideline sentence should be imposed in this case pursuant to 18 U.S.C. §3553(a); and Part VI discusses a sentencing proposal for the Court's consideration.

     **I.**      **BACKGROUND and FACTUAL CIRCUMSTANCES**

The defendant, Alfred Catino, appeared in the United States District Court at Bridgeport, Connecticut, before the Honorable Jeffrey Alker Meyer, United States District Judge, on June 24, 2014. On that date, Alfred Catino entered a guilty plea to Count One of the Superseding Indictment in Criminal Number 3:12CR117 (JAM), which

charges Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The specific quantities and substances to which he pled guilty involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, as well as a detectable amount of oxycodone and marijuana.  He entered his plea subject to the appealing of the denial of his motion to suppress.  Alfred Catino currently represents himself; however, undersigned counsel is stand-by counsel.

Without a doubt, the power exists under the statute and the Guidelines to deliver a severe sentence.  Such a sentence, however, is neither necessary nor fair. The question remaining in this case is how much more incarceration is necessary to achieve a sentence that comports with the factors set forth in 18 U.S.C. § 3553(a).  A sentence below the applicable Guidelines range is appropriate.

## II.     SENTENCING SCHEME POST-BOOKER

This Court is certainly aware that the mandatory mature of the Federal Sentencing Guidelines became advisory as a result of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The U.S. Supreme Court later articulated in Rita v. United States, 551 U.S. 338 (2007) and Gall v. United States, 552 U.S. 38 (2007), that in sentencing, there is no presumption that the Guidelines must apply. Since the decision in Booker, while the sentencing court is still

required to consider the applicable Guidelines range, it must also consider the other factors enumerated in § 3553(a) when imposing sentence.

In <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the Second Circuit reviewed Booker and explained how courts should now approach sentencing and the determination of a fair and just sentence. To determine a sentence under Crosby's model, a court must first calculate the Defendant's guidelines and consider them. Next, the sentencing court must consider whether departures are appropriate. Third, the court must decide, after considering the guidelines and all of the factors set forth in 18 U.S.C. 3553(a), whether to impose a guideline sentence (including a sentence that results from permissible departures), or a non-guideline sentence. Id. It is 18 U.S.C. § 3553(a) that mandates that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the [articulated] purposes [of sentencing]." <u>See</u>, <u>e.g.</u>, <u>United States v. Ministro-Tapia</u>, 470 F.3d 137 (2d Cir. 2006) (Parsimony Clause; District Court Must Impose Below-the-Range Sentence If It Finds that Such a Sentence Serves the Ends of Sentencing as Well as a Guidelines Sentence).

### III.     MR. CATINO'S GUIDELINES RANGE IS 87 to 108 MONTHS.

Mr. Catino's United States Sentencing Guidelines range is 87 – 108 months of incarceration based upon (post-Amendment) a total adjusted offense level of 28 and a Criminal History Category II.  A supervised release term of 3 years to life also applies. The calculation is accurately presented in the parties' plea agreement.

## IV.    A DOWNWARD DEPARTURE SHOULD BE GRANTED.

**The Court Should Consider A Downward Departure Pursuant To Mr. Catino's Advanced Age.**

Counsel for Mr. Catino submits that the Court should consider his advanced age as a valid departure in this case.  Specifically, counsel submits that an appropriate downward departure consideration exists through application of U.S.S.G. § 5H1.1. That section of the Guidelines states that while age is "not ordinarily relevant", it certainly is a viable departure given the advisory nature of the Guidelines.  That section goes on to state that age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

Simply put, the Defendant is older than what Courts typically see, and studies have statistically shown that older offenders present a low risk of recidivism.  See, e.g., United States v. Wadena  470 F.3d 735 (8th Cir.  2006) (where 67 year old defendant convicted of mail fraud and guidelines 18-24 months, proper for district court to impose below guideline sentence of  probation, in part, because "Wadena's age and health reduce the risk of re-offending"); United States v. Lucania, 379 F.Supp.2d 288, 297 (E.D.N.Y. 2005) ("Post-*Booker* courts have noted that recidivism is markedly lower for older defendants."); United States v. Carmona-Rodriguez 2005 WL 840464, 4 (S.D.N.Y. April 11, 2005) (unpub.)( where 55 year old woman pled guilty to distribution

of drugs sentence of 30 months (below guideline range) proper in part "in view of the low probability that Carmona-Rodriguez will recidivate." Defendants "over the age of forty... exhibit markedly lower rates of recidivism in comparison to younger defendants See *Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines,* at 12, 28 (2004) http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism _Criminal_History.pdf ("Recidivism rates decline relatively consistently as age increases," from 35.5% under age 21 to 9.5% over 50); United States v. Carvajal, **2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (unpub.) (in drug case, career offender guideline of 262 months too great; client will be 48 when he emerges from prison. the goal of rehabilitation** "cannot be served if a defendant can look forward to nothing beyond imprisonment.  Hope is the necessary condition of mankind, for we are all created in the image of God.  A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life.  Punishment should not be more severe than that necessary to satisfy the goals of punishment."); Simon v. United States, 361 F.Supp.2d 35 (E.D.N.Y. 2005) ("Under the Guidelines, age was not normally relevant to sentencing. § 5H1.1. Post-*Booker,* however, at least one Court has noted that recidivism drops substantially with age; United States v. Nellum, 2005 WL 300073 (granting non-Guideline sentence and noting that recidivism rate for defendants between the age of 41 and 50 with a criminal history category of III is less

than half that of defendants under the age of 21). "The Guidelines' failure to account for this phenomenon renders it an imperfect measure of how well a sentence protects the public from further crimes" of the defendant.")

Furthermore, this Defendant very unlikely to reoffend and poses no danger to the public, especially given his age.  See, e.g., United States v. Smith (4th Cir. April 22, 2008) 2008 WL 1816564 (unpub.) (in child porn case where guidelines 78-97 months, sentence of 24 months not abuse of discretion where district court noted among other things that defendant was 64 years of age and had avoided  violations of the law" up until this point in his life" "absence of any risk that he will involve himself in similar conduct in the future"); United States v. Hein 463 F.Supp.2d 940  (E.D. Wisc. 2006) (where defendant convicted of being felon in possession of ammunition, the guideline term of 12-18 is "greater than necessary to satisfy the purposes of sentencing" in part because "given his minimal prior record and law-abiding life for the past ten years, coupled with his diminished physical capacity, [the court]  found that defendant was very unlikely to re-offend and posed no danger to the public."); United States v. Cabrera, 567 F.Supp.2d 271 (D. Mass. 2008) (where D convicted of poss. of drugs with intent to distribute and guidelines 70-78,months, court imposed sentence of 24 months in part because "concerns about recidivism (see 18 U.S.C. § 3553(a)(2)(c)) compel a sentence still substantially" lower. The Sentencing Commission's report, Recidivism and the "First offender" (May 2004), available at

http://www.ussc.gov/publicat/Recidivism_FirstOffender.pdf, suggests that individuals -- like Cabrera – are less likely to recidivate than all other offenders.... even for offenders with only one criminal history point).

The Court should therefore depart due to Mr. Catino's advanced age.

**V.      A NON-GUIDELINE SENTENCE SHOULD BE IMPOSED.**

In this section, Mr. Catino wishes to present a sentencing discussion based upon the first and third branches of the Crosby sentencing model – a discussion of the Defendant's Guidelines and then a discussion of relevant factors under 18 U.S.C. § 3553(a).  This is an argument being present in addition to the downward departure argument presented above.

**A.  Mr. Catino's Federal Sentencing Guidelines Range.**

As noted above, Mr. Catino's Guidelines range is 87 to 108 months of imprisonment, subject to the mandatory minimum 60 month sentence.

**B.  Application of 18 U.S.S.C. § 3553(a) factors.**

Section 18, United States Code, § 3553(a) provides the overall framework within which a sentencing judge must determine the appropriate sentence for a defendant.  While not all of the factors contained in the statute will apply in every case, many of them do.  In this case, the factors most directly relevant that the Court should consider are:

"(1) the nature and circumstances of the offense and the history and characteristics of the Defendant;
(2) the need for the sentence imposed:
     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public;
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines...;
(5) any pertinent policy statement issued by the Sentencing Commission;
(6) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

Thus, while a sentencing court must consider the applicable Guidelines sentence, there is no longer a presumption that such a sentence satisfies the objectives of § 3553(a).  Significantly, neither § 3553(a) nor the majority opinion in Booker suggest that the sentencing court should give the Guidelines any greater consideration than any of the other factors contained in § 3553(a).

18 U.S.C. § 3553(a) provides that the Court "shall impose a sentence sufficient, but not greater than necessary" to achieve the goals of just punishment, specific and general deterrence, and to provide needed educational, vocational, medical care or other correctional treatment in the most effective manner.  Each of these goals can be met in this case with a non-Guidelines sentence of 60 months.  Such a sentence would

serve the goal of just punishment because it is a significant deprivation of liberty and it sufficiently punishes the Defendant's conduct in this case.

It is requested that the Court consider here the arguments made in its request for downward departure based upon Mr. Catino's advanced age and lack of recidivism given that age.

> ### i.  18 U.S.C. § 3553(a)(2): Need For Sentence Imposed to Reflect Seriousness of the Offense and Promote Deterrence.

As for deterrence, both general and specific, this Court's sentence should be sufficient to send a message that narcotics – on any level – will carry severe consequences.  No member of the public is likely to be encouraged to commit this crime based upon the results in this case.

Therefore, considering the need for the sentence to provide adequate general and specific deterrence, a non-Guidelines sentence would be appropriate.  As the Second Circuit has observed with respect to the rationale of specific deterrence and the relationship between the sentence for the current offense and prior time served, "if a defendant served no time or only a few months . . ., a sentence of even three to five years for the current offense might be expected to have the requisite deterrent effect." Mishoe, 241 F.3d at 220.

General deterrence focuses on general prevention of crime by making examples of specific deviants. The individual actor is not the focus of the attempt at behavioral change, but rather receives punishment in public view in order to deter

other individuals from deviance in the future.  Specific deterrence focuses on the individual in question. The aim of these punishments is to discourage the criminal from future criminal acts by instilling an understanding of the consequences.  From both a general deterrence and specific deterrence perspective, a non-Guideline sentence would be appropriate.

As for the goal of rehabilitation, there is no rehabilitative goal of relevance in this case that requires a sentence within the Guidelines.  Mr. Catino asserts that a non-Guideline sentence would be sufficient to comply with the statutory mandate that the sentence be "sufficient, but not greater than necessary" to achieve the goal of rehabilitation.

In fact, any period of Incarceration which is longer than the mandatory minimum is simply not necessary to protect the public.  See, e.g., United States v. Edwards, 595 F.3d 1004  (9th Cir. 2010) (where defendant convicted of bankruptcy fraud and on probation for prior state conviction for fraud and where guidelines range 27-33 months, sentence of probation seven months of which was to be served under house arrest, and $5,000 fine, and restitution of $100,000 not abuse of discretion in part because "Section 3553(a), for instance, does not require the goal of general deterrence be met through a period of incarceration." and citing legislative history: "It may very often be that release on probation under conditions designed to fit the particular situation will adequately satisfy any appropriate deterrent  or punitive

purpose. S. Rep. No. 98-225, at 92 (footnote omitted).; <u>United States v. Baker</u>, 502 F.3d 465 (6th Cir. 2007) (where defendant pled guilty to possession of unregistered firearm arising from altercation with wife during which gun accidentally discharged and guideline range 27-33 months, below-guideline sentence of probation with one year house arrest in part because incarceration not necessary to protect the public).

### iii.   18 U.S.C. § 3553(a)(6): The Need to Avoid Unwanted Sentence Disparities.

"It is appropriate for a district court, relying on its unique knowledge of the totality of circumstances of a crime and its participants, to impose a sentence that ... reflect[s] the extent to which the participants in a crime are similarly (or dissimilarly) situated and tailor the sentences accordingly." <u>United States v. Wills</u>, 476 F.3d 103, 110 (2d Cir.2007), abrogated on other grounds by <u>United States v. Cavera</u>, 550 F.3d at 191 (2nd Cir. 2008), as cited in <u>United States x. Gravel</u>, 323 Fed.Appx. 55, 56, 2009 WL 1035207, #1 (2d Cir. 2009). Likewise, a district court's consideration of similarities and differences among co-defendants when imposing a sentence is appropriate. <u>Id</u>. "Although [18 U.S.C.] § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from doing so.  So long as factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances, [deference is accorded to the district] court's 'broad discretion in imposing a sentence within a statutory range.'" <u>United States v. Parker</u>, 462 F.3d 273 (3d Cir.), <u>cert. denied</u>, --- U.S. -

---,127 S.Ct. 462,166 L.Ed.2d 329 (2006), as cited in <u>United States v. Wills</u>, <u>supra</u>, at 110.

## VI.        SENTENCING PROPOSAL

Alfred Catino stands before the Court, having been convicted of violating 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B).   The Defendant requests that this Court sentence him to a sentence below the applicable Guidelines range – specifically to the mandatory minimum 60 months of incarceration.   Such a sentence would reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.

RESPECTFULLY SUBMITTED,
ALFRED CATINO

By: _____
FRANK J. RICCIO II
LAW OFFICES OF FRANK J. RICCIO LLC
923 EAST MAIN STREET
P.O. BOX 491
BRIDGEPORT CT 06601-0491
Fed Bar #CT 20980
(203) 333-6135 (phone)
(203) 333-6190 (fax)
<u>fricciojd@aol.com</u> (email)
<u>www.ricciolaw.com</u> (site)

**<ins>CERTIFICATION</ins>**

I hereby certify that on May 3, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By: _____

FRANK J. RICCIO II
LAW OFFICES FRANK J. RICCIO LLC