UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     3:12CR117 (JAM) |
| v. | : |
| | :     MAY 31, 2016 |
| ALFRED CATINO | : |

## MOTION FOR RECONSIDERATION

The defendant, ALFRED CATINO, through stand-by counsel, moves this Honorable Court, to reconsider a motion upon which the Court, Meyer, J., denied the Defendant's prior motion before Judge Eginton, based upon the very same grounds, (see Court's order, dated November 19, 2015.

## STATEMENT OF FACTS

This Court is clearly in error (as was like Judge Eginton) when it stated, in pertinent part the following: "The motion for reconsideration (doc #1269) is Denied for failure to adduce any facts or argument that could not have been previous asserted to show any controlling facts or law that the Court has overlooked or otherwise to show any clear error in justice that will result from the adherence to decision (doc #1257)."

This motion for reconsideration is based upon the now two prior decisions of Judge Eginton and Judge Meyer denying motions (1) for a Franks hearing under Title III; (2) for the failure to seal wiretap disc for one month after removing them from a machine in Boston, MA, and outside the territorial jurisdiction of the District of Connecticut; and (3) a motion to dismiss the indictment in 3:12cr117 (JAM) for failure to (a) identify a voice in the grand jury proceeding as that of Mr. Catino and (b) allowing hearsay to be presented in the grand jury by the Assistant United States Attorney in violation of United States v. Gallo, 394 F.Supp. 310

(D.Conn.1975) and United States v. Messina, 388 F.2d 393 (2nd Cir.), cert. denied, 390 U.S. 1026, 88 S. Ct. 1413, 20 L. Ed. 2d 283 (1968).

The following additional facts are relevant to this determination: This Court (Meyer, J.) recently denied a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6) requesting a Franks hearing by co-defendant Zografidis, said denial being predicated upon a prior decision of Judge Eginton on October 30, 2015. This Court recently denied Mr. Zografidis' motion on May 18, 2016, and in a docket entry stated the following: "DENIED in light of the fact that defendant has a pending appeal to the U.S. Court of Appeals for the Second Circuit from the Court's recent entry of judgment and because Rule 60 is a rule that governs the civil rules of procedure and is inapplicable to a claim for relief from a criminal judgment that is pending appeal. In the event that defendant's appeal is decided against him, then defendant may promptly seek relief pursuant to 28 U.S.C. 2255."

The difference here, however, between Mr. Zografidis and Mr. Catino is that Mr. Catino has already been sentenced and his case is on direct appeal, while Mr. Catino is not sentenced and can exercise his right to file this motion in support of the Zografidis motion, and upon the newly discovered evidence received from co-defendant Karipidis a/k/a CW3 in this case (who now resides in Greece), the somewhat belated affidavit is now being offered in support of all prior claims before the two courts in regard to the evidence and issues presented on this subject matter. There is ample documentary evidence in the record already to justify a Franks hearing as well as other relief. The theme of the relief sought is centered around the action of a Norwalk detective – Dominick Cicero – working with a joint state and federal task force back in 2011. It is the conduct of Det. Cicero with his sworn affidavits in support of wiretaps and his testimony before the grand jury that deserves serious attention and which only can be best described as "Government misconduct". The reading of the

following will demonstrate that with the newly offered Karipidis affidavit that there can be no doubt that a Franks hearing must be held in the interests of justice. The doctrine of Franks teaches that where the defendant can show that there were intentional and material misrepresentations or omissions in the affidavit for a wiretap, the Court will order a hearing. And once that a false statement knowingly and intentionally or with reckless disregard for the truth has been established and necessary to a finding of probable cause, a Franks hearing will be necessary. See United States v. Rajaratnam, 210 U.S. Dist. Lexis 143175 (SDNY, November 24, 2010).

ARGUMENT

1. Assignment of errors on the part of both judges, Eginton J., and Meyer, J., in regard to the pleadings of the defendant Catino.

On July 14, 2015 a hearing was held in regard to suppression of wiretap evidence and other motions. (See Docket Entries #1231, #1232, #1237, #1242 with supporting exhibits and Doc. #1149, inclusive). According to the memorandum decision of Judge Eginton and the Docket order of Judge Meyer, both made clear errors on rulings of the facts in this case and the law as well.

With regard to Judge Eginton's opinion dated 10/30/15, we see that Page 1, in regard to the request for a Franks hearing, he found that in regard to an affidavit offered at the hearing within the defendant Catino's motion papers, that (see pg 2): "The government responds that the Court explicitly considered the (one) affidavit during the November 25, 2013 hearing on this matter." This statement is incorrect because there were two affidavits in existence at the time (affidavits of Mr. Yerinides and Mr. Catino) and, due to the fact that the transcript of the 11/25/13 is irretrievable, it is unknown which affidavit that he referred to. is the government.

At a July 14, 2015 hearing, the Defendants were ordered to supplement their briefs on the issue of claiming Detective Cicero lied or recklessly disregarded the truth in support of the wiretap applications in this case. The defendant would like to add, that Judge Eginton, clearly after oral argument, stated in open Court for all to hear, stated "I am going to grant Catino a full Franks Hearing".  Assistant United States Attorney Vanessa Richards, unhappy with this decision, stated "We strenuously object to this. I will not call my agents and detectives off their duties to come here to testify. This case is over three years old with 16 defendants only these two and one other, are awaiting sentencing. The Court should deny these motions and sentence these men and let the Second Circuit worry about these motions". At this point, Judge Eginton did a complete 360 and ordered the parties to supplement their briefs on these issues. The Government did not file a response to the Defendant's supplement, and Judge Eginton then denied the motion.

The Yerinides affidavit makes it plain and simple to see that "all the allegations raise in the Defendant Catino's motion papers came from Yerinides. Everything concerning all the mentioning of the CWs is the words and claims from the mouth of John Yerinides, sworn to under oath! What more can a Court ask for in a showing from two laymen?

Page 3: The Court (Eginton, J., claims that "[the] defendants have submitted no [a]ffidavits or sworn or otherwise reliable statements of witnesses" specifically identifying the portions of the [Cisero] affidavits that are claimed to be deliberately false or made with reckless disregard for the truth. See U.S. v. Labate, 2001 WL 533714 (S.D.N.Y May 18, 2001) (holding that for this reason alone, a request for a Franks Hearing should be summarily denied).

Mr. Catino states that the Court evidently did not read Document 1231-1, filed 07/21/15, specifically page 2 of that submission.  Page 2, paragraph 3 – comprised of the affidavits of John Yerinides and Constantinos Zogrifidis, all "connect" with the Government's presentation of the evidence in regard to their CWs.  In that submission, Mr. Catino tried to express that everything Det. Cicero claimed in his February 7, 2012 and other affidavits thereafter, was not true.  Det. Cisero had polluted the waters of justice with his "false and perjurious statements made under oath in his affidavits seeking wiretaps in this case.

It now appears Judge Meyer has compounded the error of Judge Eginton, in his decision of October 30, 2015, in almost every respect on all Mr. Catino's claims made therein by "Not articulating on the facts and specifying on the issues".  This Court received Mr. Catino's motion papers on November 16, 20L5 and denied same on November 19, 2015.  Mr. Catino feels that this Court just took a cursory look at his motion without viewing the proper exhibits already submitted in this matter.

This Court stated in part in his Docket Text Order, "The motion for reconsideration (Doc #1267)) is denied for failure to adduce any facts or argument that could not have been previously asserted, to show any controlling facts or law that the Court has overlooked, or otherwise to show any clear error."  In response Mr. Catino would like to point out to the Court Doc # 1231, #1232, #1237 and reply Doc #1242 with supporting exhibits, and Doc #1149 (inclusive) in regard to page 1 of 6 of Judge Eginton's decision on the request for a Franks hearing.  Mr. Catino believes that this Court, like Judge Eginton, did not view the herein mentioned exhibits before making his decision in this matter.  Considering the fact that this Court took over the file from Judge Eginton, Mr. Catino is assuming that this Court (A) did not view the exhibits mentioned herein; (B) did not read the transcript from the July 14, 2015 hearing in front of Judge Eginton, where he stated clearly on the record that he was going "to

grant Catino a full Franks hearing" due to Mr. Catino's presentation and arguments upon his three (3) motions presented that day before the Court. After the Government objected to the same, Judge Eginton then shifted focus and ordered further briefing to occur.

This Court must read the minutes of the July 14, 2015 hearing to consider Mr. Catino's presentation. Mr. Catino clearly demonstrated to Judge Eginton how Det. Cicero was polluting the waters of justice with his false statements in his wiretap affidavits. For this reason alone, Judge Eginton granted Catino a Franks Hearing", yet thereafter ordered briefing. The government did not submit a response, and shortly thereafter Judge Eginton denied Mr. Catino's motion for a Franks hearing.

Mr. Catino's case now is being handled by Judge Meyer, and Mr. Catino believes that this Court has not properly considered his motions for reconsideration that were filed before Judge Eginton, especially since the Court did not read the transcript of the July 14, 2015 hearing – because that would be the only way to properly consider that was previously presented. Mr. Catino has demonstrated in his prior motion papers on the facts and on the law where he is entitled to the relief sought; i.e., "all of the defendant Catino's motions and exhibits, and notably the affidavits of co-defendant Yerinides "exposing all the CWs in this case, and his involvement with them", as described in detail to Mr. Catino, and put into Mr. Catinors motions f or suppression of wiretaps in this matter, and Mr. Zografidis as well, revealing who CW-2 was in this case and CW-3 (at times).

On oral argument on July 14, 2015, it is believed Judge Eginton was firmly convinced that the Mr. Catino did tie everything together to warrant a hearing. Det. Cisero was clearly shown to have lied and recklessly disregarded the truth in his wiretaps applications. Judge Eginton's decision clearly demonstrates that he never backtracked on the older parts of the suppression motions, for if it had, the Court would have seen in detail the claims of Yerinides

in regard to the Cws and how Det. Cicero was using them in his affidavits to deceive the wiretap Court in securing the wiretaps in this case. Judge Eginton failed when he neglected to view the totality of the suppression motions in this case. Mr. Catino fears this Court is doing the same thing. Consequently, a hearing is requested on this matter. (Undersigned counsel has ordered a copy of the July 14, 2015 transcript for the Court's consideration.)

    2. <u>The improper Sealing of the Wiretap Recordings.</u>

The Court (Eginton, J.) in his prior decision on this matter committed "clear error" in ruling that: "The Government has submitted an order to seal Recordings from Target, Telephone One, signed by Judge Chatigny on March 9, 2012. Accordingly, Defendants' motion for reconsideration based on improper sealing will be denied" (Page 5 Paragraph 1). Both Judge Eginton and this Court have totally misunderstood the argument presented on matter by incorrectly applying the wrong facts. For example, the Court stated "Defendants posit that the disks did not surface until one month later, when Judge Underhill sealed disks containing interceptions from Target Telephone Two and Three. Defendants contend that it is now upon the government to come forth with documentary proof with [that interception from Target Telephone One was] really sealed (underlining emphasis added).

Mr. Catino requests that this Court view exhibit 1 that he enclosed with his prior motion in regard to "the sealing of Target Telephone One" (i.e., report of T.F.O. Weiner, dated 04/24/12). Within this report this Court can see that on 04/09/12 Judge Underhill sealed TT-1, TT-2 and TT-3. This statement by Agent Weiner is in "total" contradiction to the opinion of Judge Eginton's findings on this matter. Judge Eginton in his opinion only claimed that Judge Underhill sealed "Target Telephones two and three". There is no mention to Target Telephone one for sealing on this date (which was April 9, 2012). Further, in this same report it sates that Weiner retrieved "the three original Title III recordings, how and who gave these items to him,

when in fact the TT-1 disk was removed by DEA Mofenson one month before on March 9, 2012, and "put in a safe place" according to Agent Mofenson?

The government's sole claim that on March 9, 2012 Assistant United States Attorney Richards "applied for an order to seal recordings from Target Telephone One" – with nothing else (i.e., the government did not follow up upon that request by sealing that tape on March 9, 2012, has never been shown or demonstrated, nor shown the chain of evidence as is required by section 2518 of Title III.

Mr. Catino finds it "very strange" why the government has not ever replied to the request in prior Catino motions on this subject. It is certainly time to "lift the veil of secrecy" on this matter, for the government should agree that it is not necessary to drag this issue up to the Second Circuit and demand the same thing   Let the Government demonstrate really what happened to the TT-1 disk after DEA Agent Mofenson removed it from the field office machine in Boston, MA, on March 9, 2012, and why was not this wiretap implemented within the District of Connecticut for installation. (Please review the November 12, 2015 offering by the defendant for a more detailed account of the facts.)

3. The Grand Jury Proceedings

Mr. Catino rest his arguments and claims of his right to appeal these motions upon the case law of united states v. Coiro, 922 E.2d 1008, 1013 (2d Cir. 1991) and under Fed. R. Crim. P. 12(B)(2).

WHEREFORE, the Defendant asks that this Motion be granted.

THE DEFENDANT
ALFRED CATINO

*[signature: Frank Riccio II]*

FRANK J. RICCIO II
LAW OFFICES OF FRANK J. RICCIO LLC
923 EAST MAIN STREET
PO BOX 491
BRIDGEPORT, CT 06601
FED NO. 20980
(203) 333-6135 (phone)
(203) 333-6190 (fax)
fricciojd@aol.com (email)
www.ricciolaw.com (site)

## CERTIFICATION

I hereby certify that on May 31, 2016, a copy of foregoing sealed motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
FRANK J. RICCIO II
LAW OFFICES OF FRANK J. RICCIO LLC

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| VS. | : | 3:12-CR-117 (JAM) |
| KONSTANTINOS ZOGRAFIDIS | : | FEBRUARY 19, 2016 |

### AFFIDAVIT OF DIMITRIOS KARPIPDIS

I, Dimitrios Karpidis, being duly sworn, upon my oath, depose and say:

1.) I am a co-defendant in this case and have been sentenced and deported.

2.) I am fully familiar with the affidavit of Detective Dominick Cisero of the Norwalk Police Department dated February 7, 2012, used by the government in this case to obtain authorization to intercept phone calls on Konstantinos "Gus" Zografidis' phone 646-548-6154.

3.) I was the person referred to as CW-3 in Detective Cisero's affidavit.

4.) Detective Cisero's affidavit describes four (4) undercover buys of narcotics in pages 20 to 27 of his affidavit dated February 7, 2012.

5.) The four (4) undercover purchases of narcotics were purportedly buys made by me from Konstantinos "Gus" Zografidis.

6.) The buys purportedly occurred on October 27, 2011, November 3, 2011, January 3, 2012 and January 26, 2012.

7.) In Detective Cisero's affidavit he says that on each of the four (4) buys I was "fitted with a recording and transmitting device."

8.) I Dimitrios Karpipdis, a/k/a CW-3 in Detective Cisero's affidavit, did not knowingly wear a recording and transmitting device for law enforcement on any of the occasions referred to in Detective Cisero's affidavit dated February 7, 2012.



9.) The police did give me a key button device to place in my pocket. I was told that this device was to be used in case anything went wrong in my dealings with Konstantinos "Gus" Zografidis.

10.) I was never told or informed by the police that the key button device was a listening device.

11.) I was never told by the police that I was going to record any conversation with Konstantinos "Gus" Zografidis.

12.) If the police did record any conversation between me and Konstantinos "Gus" Zografidis the police did so without my knowledge or consent.

*Dimitrios Karpipdis*

Sworn and subscribed to before me
on this          day of          2016
A Notary Public.

Βεβαιώνεται
το γνήσιο της υπογραφής
του ΚΑΡΠΙΔΗ ΔΗΜΗΤΡΙΟΥ
Α.Δ.Τ.: ΑΜ 395240

Αθήνα 08-04-2016
Ο Βεβαιώνων

Η Υπάλληλος του ΚΕΠ
Πέππα Βασιλική