# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | 3:12CR117 (JAM) |
| **v.** : | |
| : | MAY 25, 2016 |
| **ALFRED CATINO** : | |

## MOTION TO COMPEL

The Defendant, ALFRED CATINO, through undersigned stand-by counsel, files this motion to compel the Government to produce certain witnesses in regard to a Fatico hearing. Therefore it is requested that this Court issue an order in regard to witnesses needed by the defense, in regard to a Fatico Hearing.

Mr. Catino requests the presence of certain named individuals whose involvement in this matter derives from their direct contact with the facts and circumstances of this indictment. The individuals needed for this Fatico Hearing are as follows:

1. Norwalk Detective Dominick Cicero, whose testimony is paramount to these proceedings. It was Det. Cicero who by his own words in a February 7, 2012, affidavit for a wiretap did everything and over saw all aspects of this investigation from start to finish.

2. Dominick Rubistello, a co-defendant in this case, now in a halfway house in Brooklyn, NY or home in the Bronx, NY on supervised release. His testimony is necessary to refute a claim made by the government in a stipulation agreement with Mr. Rubustello that "he sold over 500 grams of cocaine to Mr. Zografidis, during the course of this investigation which all came about through the introduction of Mr. Catino to the case. The government is implying that through

the introduction of the defendant Catino, Co-defendant Zografidis was and is the reason to raise Mr. Catino's offense conduct in this matter. In contradiction to the government's claim, please find in the PSR report an affidavit of Mr. Zografidis denying that he ever purchased anv where near 500 grams of cocaine from Mr. Rubustello, in any of the three buvs he did make from Mr. RubusÈello for grams of cocaine for personal use. Mr. Rubistello was either knowingly and or unknowingly duped into signing that stipulation agreement presented by the government in order for himself to get an 18 month sentence in this matter. Let this Court please ask the probation officer in Mr. Rubistello's case for a copy of the affidavit filed to read.

3. Julio Brenez, another co-defendant in this case, whose testimony is necessary to refute the government's claim into amounts of drugs and kinds of drugs he allegedly "sold", "bought" or otherwise "exchanged" with Mr. Catino during the course of this investigation. Let the Court review the memorandum of law presented by Mr. Brinez's attorney, Diane Polan. It would appear very clear that Mr. Brinez's statement to investigators after his arrest was self-serving so he can be released on bail and to gain a lower sentence by proffering when he returned off of bail for a violation.

4. AUSA Richards, who was and is the architect who drew up these plea deals on paper and therefore stands responsible for their content.

In closing, Mr. Catino would like to draw this Honorable Court's attention to the government's anticipated stonewalling of government's witness Detective Dominick Cicero, for production in this matter. The government will remain silent until the hearing date and then at the 11th hour will come forth with an excuse and an offer of a peripheral witness more or less, to wit: DEA Rodney George, who did not enter this investigation until sometime in the month of October 2011 according to his own affidavit dated May 30, 2012.

The true and only real smoking gun in this case is Det. Cicero and through him all roads do lead to Rome.  "...Let us wait and see if the defendant-petitioner's words will bare fruit?

WHEREFORE, the Defendant asks that this Motion be granted.

THE DEFENDANT
ALFRED CATINO

_____
FRANK J. RICCIO II
LAW OFFICES OF FRANK J. RICCIO LLC
923 EAST MAIN STREET
PO BOX 491
BRIDGEPORT, CT 06601
FED NO. 20980
(203) 333-6135 (phone)
(203) 333-6190 (fax)
fricciojd@aol.com (email)
www.ricciolaw.com (site)

**CERTIFICATION**

I hereby certify that on May 25, 2016, a copy of foregoing sealed motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
FRANK J. RICCIO II
LAW OFFICES OF FRANK J. RICCIO LLC